OPINION
On September 15, 1998, the Juvenile Division of the Holmes County Common Pleas Court found appellant Raul Cortes in contempt of court for failing to pay child support. Appellant was sentenced to 30 days in the county jail. The sentence was suspended for one year upon condition that appellant comply with child support orders. On December 21, 1998, the Holmes County Child Support Enforcement Agency filed a motion to impose sentence. The matter came before the court for a pre-trial hearing on February 9, 1999. Appellant failed to appear, and a warrant was issued for his arrest. Appellant was arrested pursuant to the warrant, posted bond, and a new hearing was set on the motion to impose sentence. The matter came before the Juvenile Court again on June 1, 1999. The parties reached an agreement whereby CSEA dismissed the motion to impose sentence, and appellant agreed to pay the court costs. Appellant also agreed to an extension of his suspended sentence for six months, beginning June 1, 1999, with all previous conditions continued.
On June 15, 2000, the Holmes County Grand Jury indicted appellant with felony non-support, specifying the applicable 104 week period to run from October 1, 1997, through September 30, 1999. Appellant filed a motion to dismiss the indictment, arguing that the prosecution was barred by double jeopardy, as the time period covered by the indictment was the same time period for which he had been found in contempt of court by the Juvenile Court, and issued a suspended sentence. The court overruled the motion to dismiss. Appellant pled no contest, and was sentenced to a term of incarceration of 10 months. He assigns a single error on appeal:
 ASSIGNMENT OF ERROR A PROSECUTION FOR NONSUPPORT OF DEPENDENTS UNDER ORC 2919.02(B) IS PROHIBITED WHEN DEFENDANT WAS FOUND IN CONTEMPT OF COURT FOR FAILURE TO PAY SUPPORT FOR THE SAME CHILD DURING THE 104 CONSECUTIVE WEEK PERIOD CONTEMPLATED BY THE STATE.
In State v. Martin (March 27, 2001), Holmes Appellate No. 00CA003, unreported, this court considered a similar argument and factual scenario to the instant case. In Martin, the defendant had been found in contempt for failing to pay support, and was sentenced to 30 days incarceration, but the sentence was suspended on certain conditions. Later the same year, the Juvenile Court found that the defendant had not met the conditions, and imposed the jail sentence. The court released the defendant from jail, by judgment dated four days after the imposition of sentence, on the condition that he comply with all court and administrative orders, including the previously issued child support order. The following year, CSEA filed another motion for imposition of the defendant's sentence. The court dismissed the motion to reimpose sentence, granted a lump sum judgment for arrearages against the defendant, and suspended the remaining portion of the defendant's sentence. He was later indicted by the Holmes County Grand Jury for non-support of dependents, a felony of the fifth degree. The indictment alleged that he had failed to pay child support as established by court order for more than 26 of 104 consecutive weeks, specifying the consecutive week time period as the same time period for which he had been found in contempt. The defendant's motion to dismiss on double jeopardy was overruled, he pled no contest, and appealed to this court.
In considering his claim of double jeopardy, we determined that the contempt sanction of incarceration was designed to coerce the defendant into complying with the court's order, and because he would only serve the suspended sentence if he failed to comply, we concluded that the contempt was civil in nature. Id. at 7-8. Because the contempt was civil in nature, we concluded that double jeopardy did not apply, and that the offenses were not allied offenses of similar import, which requires the finding of two separate criminal offenses. Id. at 9.
For the reasons stated in Martin, we conclude that the contempt in the instant case was civil in nature. Unlike the defendant in Martin,
appellant's suspended sentence was never imposed. Further, it is apparent that the suspended sentence was issued in order to coerce appellant to comply with the court's child support order, and not as punishment for failing to pay support, as the sentence would remain suspended if he complied with the conditions set forth in the court order, including payment of support. Therefore, the indictment for felony non-support of dependents was not barred by double jeopardy, nor are the two offenses allied offenses of similar import.
The assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Common Pleas Court is affirmed. Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur.